UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>NTS IT CARE, INC., a California corporation, and<br><br>JAGMEET SINGH VIRK, individually, and as an owner, officer, and director of NTS IT Care, Inc.,<br><br>Defendants. | Case No. 4:20-cv-03388-PJH (**SEALED**)<br><br>**ORDER TERMINATING WITHOUT DECISION PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND DIRECTING PLAINTIFF TO FILE FUTURE COMMUNICATIONS ON THE DOCKET**<br><br>Re: Dkt. No. 8 |

The court understands that counsel for plaintiff Federal Trade Commission ("plaintiff"), Ronnie Solomon ("plaintiff's counsel"), contacted this court's courtroom deputy around 9 am on Wednesday, May 20, 2020.  During that contact, plaintiff's counsel indicated that defendant NTS IT Care, Inc. ("Defendant NTS") and its purported principal, defendant Jagmeet Singh Virk ("defendant Virk") (collectively, "defendants") are the subject of a criminal investigation and that complying with this court's prior order denying plaintiff's motion for a temporary restraining order (Dkt. 17) would create a risk of flight by defendant Virk.  Plaintiff's counsel also stated that the government was preparing to serve search and arrest warrants on defendants.  Subsequently, in an email later that morning, plaintiff's counsel requested a two-day extension to comply with the court's then-existing May 20, 2020 at 12:00 pm service deadline upon defendants.  Given the imminence of that deadline and the potential harm to a parallel criminal investigation represented by counsel, the court allowed the requested two-day extension.  Dkt. 20.

Then, at around 1:00 pm, plaintiff's counsel again emailed the courtroom deputy requesting an additional ten days to comply with this court's modified date of required service. In support of that request, plaintiff's counsel cited the government's resource limitations in executing its search warrants and the existence of sealed criminal complaint against an entity purportedly related to defendants.

It appears to the court that plaintiff is not presently prepared to litigate its motion for a temporary restraining order on a noticed basis.  Accordingly, the court **TERMINATES** that motion (Dkt. 8) without decision.  Plaintiff may reinstitute that motion either (1) when it is prepared to serve defendants or (2) when it proffers argument and evidence specifically addressing defendant Virk's flight risk in a way that would justify allowing that motion to proceed ex parte under Rule 65(b)(1).  Relatedly, the court reminds plaintiff that it should file all future requests on the docket.  To the extent such requests ask this court to make a decision on an ex parte basis, plaintiff must explain their propriety under Local Rule 7-10 and any other controlling authority.

**IT IS SO ORDERED.**

Dated: May 21, 2020

/s/ Phyllis J. Hamilton

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

2